**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| **v.** | ) ) | Criminal No. 10-145-P-H |
| **JEREMIAH O'BRIEN,** | ) ) ) | |
| Defendant | | |

**PROCEDURAL ORDER WITH RESPECT TO SENTENCING**

This internet child pornography case is scheduled for sentencing Monday May 9, 2011.

The Presentence Report, as revised on March 31, 2011, after objections from the parties, stated: "Restitution is not an issue in this case." PSR ¶ 59. Thereafter, I conducted a presentence conference on April 25, 2011. At that conference and in an abundance of caution, I inquired specifically about restitution, because I was aware of developing caselaw around the country and because sometimes extensive documentary evidence is presented in such cases (evidence that I have not previously reviewed). I ordered that if restitution were to be an issue, the government's sentencing memorandum on the topic must be filed by May 2, 2011, so that I could determine what factual and legal issues were involved, and adjust any schedule accordingly. The government by letter dated April 28, 2011, stated:

> On April 25, 2011 a presentence conference was held in the case referenced above. The Court asked that any victims

seeking restitution be identified and imposed a deadline of May 2, 2011 for notification. The Government now informs the Court that no victims in this case will be seeking restitution.[1]

The defendant accordingly filed his Sentencing Memorandum on May 2, 2011, not dealing with any restitution issue. Then yesterday afternoon, May 5, 2011, I received from the Probation Office a letter dated May 4, 2011, addressed, not to the Court, but to the United States Attorney's Victim Witness Coordinator from a private law firm, seeking millions of dollars in restitution for a particular victim. The letter is in reality a legal brief, 36 single-spaced pages. Attached to it are 85 pages of documents. The government states in its Sentencing Memorandum, filed still later yesterday afternoon, that it received the letter at 5:30 pm, May 4, 2011, and thereupon delivered it to Probation. Mem. at 9. The government also states that "All victims were notified of Defendant's sentencing hearing date when it was set by the Court on January 18, 2011." Id.

Title 18 U.S.C. § 3664 sets forth detailed procedures for identifying victims and providing a complete accounting of their losses in the Presentence Report. Both the Probation Office and the U.S. Attorney's Office have obligations in that regard. They appear to have fulfilled their obligations. The statute also provides: "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the

---

[1] The letter itself is undated, but the government's sentencing memorandum refers to it as dated April 28, 2011. Mem. at 9 (Docket Item 40).

final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5).

At the very least, that provision applies here, where I was informed on April 28, 2011, that there was <u>no</u> victim restitution requested, the sentencing hearing is set for Monday, May 9, and there is no adequate opportunity for the Court, the Probation Officer, or the parties to address whatever issues this late-delivered submission raises.[2] This victim's losses certainly were not ascertainable by 10 days before the May 9 sentencing date; at that time, the request for restitution from this defendant was not even known to the government, the Probation Office, the defendant or the court.

Alternatively, arguably any request for restitution against in this criminal proceeding has been waived by the late filing in the face of abundant advance notice of the schedule.

I also note that the statute provides that "The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be *on the attorney for the Government.*" 18 U.S.C. § 3664(e)(emphasis added). Consistent with that provision, the victim's letter-brief that has been submitted is addressed to the Government, not to the court.[3] The Government's

---

[2] Ater this order was drafted, but moments before it was filed, the defendant filed a memorandum addressing the victim submission. That memorandum does not change my conclusion.

[3] It is addressed to the United States Attorney's Victim Witness Coordinator. Letter from Amy's Representative. Pages 27-28 contain arguments addressed to the Government urging it to follow the Attorney General Guidelines regarding restitution, prejudgment restraint and liens, and to provide privacy to the victim. It is true that on page 33 it says "This Court should adopt this reasoning . . ." etc. But given the remainder of the document, that usage appears to be a slip of the pen by a lawyer accustomed to filing briefs in court. The letter-brief does not attempt to comply with the Local Rules of this court for length and was not filed on the ECF Docket, as court documents are (or alternatively was not submitted for filing under seal). *(continued next page)*

Sentencing Memorandum does not tell me whether the Government proposes to shoulder the statutory burden here, only that it has advised the victim's lawyers of previous rulings by my colleagues in this District rejecting this victim's "claim for restitution for inadequate evidence of proximate causation," that the "request for restitution is revised since these decisions and addresses the issue of causation," but that "we do not have in hand any case-specific statement that address the deficiencies in the previous restitution requests." Mem. at 9. Thus, on this record the Government has not undertaken the burden of "demonstrating the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e).

Accordingly, I will not determine restitution at sentencing on Monday, May 9, 2011. At that sentencing, counsel shall address whether I should set a date for final determination of the victim's losses within 90 days thereafter, or whether some other disposition is appropriate, in light of the date and manner in which the restitution issue has been presented.

**SO ORDERED.**

**DATED THIS 6TH DAY OF MAY, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

Addressing the argument to the Government, not the court, suggests that the victim's lawyers share the Court's plain-language understanding of the statute, that it is the Government that has the role of deciding whether and how to pursue the restitution issue. (Of course the victim has the right to be heard at sentencing under a separate statute, 18 U.S.C. § 3771(a)(4), but that issue is distinct from how restitution is determined.)