# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) | |
| v. ) ) | No. 2:10cr145-DBH |
| JEREMIAH O'BRIEN, ) ) | |
| Defendant ) | |

## ORDER ON RESTITUTION

On May 6, 2011, I entered a Procedural Order with Respect to sentencing in this child pornography case, recounting the exceedingly late $3,367,854 restitution request made by a victim who goes by the pseudonym "Amy." Procedural Order with Respect to Sentencing (Docket Item 42). The government had provided abundant notice of the sentencing date, notifying all identified victims on January 18, 2011, that sentencing would occur on May 9, 2011. Id. at 2. (The restitution statute requires the government to notify the probation officer of restitution amounts no less than 60 days before sentencing; and of any losses that are not ascertainable no later than 10 days before sentencing. 18 U.S.C. § 3664(d)(1) & (5).) I specifically inquired at the presentence conference on April 25, 2011, whether there would be any restitution request, and on April 28, 2011, the Government reiterated in writing to the court and opposing counsel what the Presentence Report had reported earlier, that there would be no restitution request. Then, on May 4, 2011, at 5:30 pm, the government received from Amy's lawyers (they have represented

her in other similar cases) a 36-page single-spaced restitution request. Gov't's Reply to Def.'s Sentencing Mem. at 9 (Docket Item 40).[1] The government sent it to the Probation Office, and Probation forwarded it to me. Id. At the sentencing on May 9, 2011, Amy's lawyers did not appear. I deferred any decision on Amy's restitution request, relying on 18 U.S.C. § 3664(d)(5), but proceeded to sentence the defendant to 10 years' imprisonment and supervised release for life, including computer monitoring and sexual offender treatment and registration. Judgment (Docket Item 45). The lawyers agreed that the only issues concerning Amy's claim to restitution were legal, not factual; that if I followed the decisions of my colleagues in this District I would not be able to find the necessary causation between this defendant and her loss; and that there were no additional facts to present from the government or her lawyer. Saying that waiver because of the lateness of Amy's restitution submission would be harsh, I accepted the lawyers' proposals for a briefing schedule on the legal issue of causation. The government and the defendant have now filed additional legal memoranda. Neither has requested oral argument, and I conclude that argument would not be helpful.

I follow this District's other judges in concluding that the subject of child pornography, as Amy is here, is a victim for purposes of 18 U.S.C. § 2259(c).[2] That statue provides for mandatory restitution in cases under chapter 110 of

---

[1] Despite the Assistant United States Attorney's valiant attempt at sentencing to defend the timing, there is no apparent reason for the lateness of the submission. Although it bears the caption of this case (the only place in the entire submission where this defendant is referred to), it is a general purpose letter, usable in every case where Amy's image is discovered.
[2] It is obvious that the subjects of child pornography are injured by the knowledge that their images are circulating.

Title 18 United States Code, Sexual Exploitation and Other Abuse of Children. United States v. Cameron, 2011 WL 890502 (D. Me. March 11, 2011); United States v. Berk, 666 F. Supp. 2d 182 (D. Me. 0209). But I also follow my colleagues in this District in concluding that I can order restitution to a victim in a criminal case only for losses proximately caused by the conduct underlying that defendant's criminal offense. Cameron, 2011 WL 890502 at *19; Berk, 666 F. Supp. 2d at 191. Although sentencing courts have varied in their treatment of Amy's repeated restitution requests, Note, Section 2259 Restitution Claims and Child Pornography Possession, 109 Mich. L. Rev. 1327 (May 2011); Gov't's Br. on Restitution at 3 n.2 (Docket Item 46), the bulk of the Circuit caselaw supports the conclusion that proximate cause is required for restitution based upon possession, receipt or distribution of child pornography. United States v. Monzel, 2011 WL 1466365, *5-6 (D.C. Cir. April 19, 2011) (restitution to Amy; proximate cause required for restitution based upon possession and distribution); United States v. McDaniel, 631 F.3d 1204, 1208–09 (11th Cir. 2011) (proximate cause required for restitution based upon possession); United States v. Crandon, 173 F.3d 122, 125 (3d Cir. 1999) (proximate cause required for restitution based upon receipt); see also United States v. Laney, 189 F.3d 954, 965 (9th Cir. 1999) (proximate cause required for restitution for injury with respect to both distribution of child pornography and engaging in activities relating to sexual exploitation of children). But see In re Amy Unknown, 636 F.3d 190, 198-99 (5th Cir. 2011) (proximate cause not required for restitution to Amy in child pornography possession case),

3

criticized in United States v. Wright, 2011 WL 1490763 (5th Cir. Apr. 20, 2011) (Davis, J., concurring and urging en banc review).

The government says that there is no evidence in Amy's restitution request that discusses this defendant specifically, Gov't's Br. on Restitution at 11, and I have found none. Instead, her lawyer's letter of May 4, 2011, opens with the statement that he is seeking "restitution for the full amount of her losses . . . from every criminal defendant who receives, distributes, transports or possesses her images." Letter dated May 4, 2011 from James Marsh, Esq. to Victim Witness Coordinator at 1. The letter goes on to make the abstract case for why victims of child pornography should receive full restitution for their injuries, and how Amy has been injured, but without any focus on this defendant and the contribution of his conduct. This defendant possessed a single image of Amy, Gov't's Br. on Restitution at 2, 11.[3] And in this case, Amy's requested loss of $3,367,854 was calculated September 15, 2008, before any of the criminal conduct of which this defendant was convicted[4] and before Amy knew that this defendant possessed her image. Thus, I would have to speculate to attribute a particular loss consequence to this defendant's later conduct. The government bears the burden of proof under the restitution statute, 18 U.S. C. § 3664, and the materials submitted do not meet that

---

[3] This in a context where Amy's lawyer's letter quotes from a Brief of the National Center for Missing and Exploited Children in United States v. Paroline, referring to 3,227 evidence reviews of the "Misty" series (Amy is the victim in that series) submitted by law enforcement, over 35,570 images associated with the "Misty" series viewed by analysts, and in 2009 alone, 8,860 such views. Letter dated May 4, 2011 from James Marsh, Esq. to Victim Witness Coordinator at 4-5 n.2.

[4] The indictment charges transport of child pornography via the computer on October 2, 2008, and December 30, 2009, and possession on March 24, 2010.

burden.  Moreover, there is no evidence in the record that the defendant "transported" the singular Amy image.

To the extent that the restitution request is based upon joint and several liability,[5] I follow the D.C. Circuit in concluding that such liability still is limited to injury proximately caused by the defendant in question.  <u>United States v. Monzel</u>, 2011 WL 1466365 (D.C. Cir. April 19, 2011).  That requirement is not satisfied here.

Therefore, I conclude that on this record no criminal restitution is payable to Amy by this defendant, and that no further hearing is necessary.  An Amended Judgment and Commitment will be entered accordingly.

**SO ORDERED.**

**DATED THIS 25TH DAY OF MAY, 2011**

/s/D. Brock Hornby  
**D. BROCK HORNBY**  
**UNITED STATES DISTRICT JUDGE**

---

[5] Amy's lawyer's letter argues that it is "impossible to apportion the harm to Amy amongst the numerous past, present and future defendants."  Letter dated May 4, 2011 from James Marsh, Esq. to Victim Witness Coordinator at 24.